UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MICHAEL GRESHAM,
RALPH DENNIS,

      Plaintiffs,      Case No. 2:11-cv-179

v.                Honorable Robert Holmes Bell

B. CANLIS et al.,

      Defendants.
_____/

## OPINION

    This is a civil rights action brought by two state prisoners pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Ralph Dennis leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the claims by Plaintiff Ralph Dennis will be dismissed for failure to state a claim.[1]

---

[1] The claims by Plaintiff Michael Gresham are addressed in a separate order entered on this date.

**Factual Allegations**

Plaintiff Michael Gresham presently is incarcerated at the Marquette Branch Prison (MBP) and Plaintiff Ralph Dennis is incarcerated at the Baraga Maximum Correctional Facility (AMF). Plaintiffs sue Dr. B. Canlis; Physician's Assistant Margaret Comfort; Nurse Gloria Gill; Resident Unit Officer (RUO) Ty Hyatt; Sergeant (unknown) Frechen; Assistant Resident Unit Supervisor (ARUS) Tammy Gajewski; Hearing Investigator Juli Green; Lieutenant Steven Santorelli; RUO Lance Miller; Lieutenant (unknown) Yakovich; George Pramstaller; Nancy Martin; Craig Hutchinson; and unknown parties at Correctional Medical Quality Assurance Services.

The bulk of the complaint centers on conduct by prison officials directed at Plaintiff Michael Gresham. According to the complaint, Gresham has filed claims against employees of the Michigan Department of Corrections (MDOC) that are still pending in separate actions. Gresham claims that staff at all MDOC prisons "have commenced a campaign of harassment and retaliation against him due to his litigation." (Compl., docket #1, Page ID#6.) The complaint states that Gresham was sexually assaulted and a razor was placed in his food. When Gresham arrived at AMF, Defendants Hyatt and Miller shook him down, wrote two false misconduct tickets, stole his property, and placed him on food loaf. Lieutenant Santorelli assisted in confiscating Gresham's property and gave false responses to Plaintiff's grievances. Hearing Investigator Green refused to investigate the misconduct charges against Gresham, refused to interview witnesses, and told Gresham he was a "nigger who was white and a nigger [be]cause he helped both black [and] white and people of all nationality and color." (*Id.* at Page ID#10.)

On April 26, 2011, Gresham gave legal mail to Gajewski for approval. The mail included affidavits from Plaintiff Dennis and other prisoners who had witnessed retaliation against

Gresham. Gajewski took the mail, issued a "class 2" ticket, and never returned the mail. (Compl., at Page ID#10.) Gajewski also refused to provide legal supplies and aided staff in opening Gresham's letters to the Court and removing their contents. Gajewski told Gresham that he would never see the general population yard or his family alive if he kept reporting to the courts what was happening in MDOC prisons.

On May 6, 2011, RUOs Hyatt and Miller told Gresham "You ain't got no court coming, your mail will never make it to the Judge Batchelder or [Maloney.] If we can outsmart you we can always outsmart the district court." (Compl., at Page ID#11.) Defendant Santorelli found Plaintiff guilty of falsifying documents, claiming that Gresham was sending legal forms to a non-legal mailing address. According to the complaint, Gajewski, Hyatt, Miller, Santorelli, and Green retaliated against, or conspired to retaliate against, Gresham for his involvement in litigation against MDOC officials.

With respect to Plaintiff Dennis, the complaint alleges: (1) that he needs corrective surgery for his right ankle, an ankle brace and pain medication (Compl., at Page ID#1); (2) that he held certain medical kites for Gresham (*id.* at Page ID#10); (3) that he prepared affidavits for Gresham, which were stolen by prison officials (*id.* at Page ID#13); (4) that separation from Gresham would hinder Dennis's ability to bring a case (*id.* at Page ID#14); (5) that Plaintiffs "had a basic human right to have supervision and relief under that supervision of AMF healthcare mental health units grievance procedure to ensure safe and humane conditions per [MDOC Policy Directive] 03.03.130 was a basic human need that both Plaintiffs were deprived of" (*id.* at Page ID#18); (6) that supervising Defendants did not respond to grievances, follow operating procedures, or correct

violations of Plaintiffs' rights after learning of them (*id.* at Page ID#19); and (7) that the totality of the conditions of the prison violated Plaintiffs' Eighth Amendment rights (*id.* at Page ID#21).

## Discussion

I.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The allegations in the complaint identify conduct by various prison officials implicating the rights of Plaintiff Gresham; however, none of the allegations states a claim for relief by Plaintiff Dennis. Construing Plaintiffs' complaint indulgently, Plaintiffs have not alleged that any particular Defendants engaged in conduct that violated Dennis's constitutional rights. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). *See Iqbal*, 129 S. Ct. at 1948 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiffs' allegations fall short of the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-

1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries")  Thus, to the extent Dennis pursues a claim on his own behalf, he has not alleged any unconstitutional conduct on the part of any named Defendants.  To the extent Dennis pursues claims based on the violation of Gresham's rights, he lacks standing to do so.  *See Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989).

Moreover, to the extent Dennis claims that MDOC officials failed to treat his medical conditions or otherwise violated his Eighth Amendment rights, there are no allegations supporting such a claim.  In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to inmate health or safety."  *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).  There is no allegation that any of the named Defendants made decisions regarding Plaintiff's medical care, much less that they were deliberately indifferent to a serious risk to Dennis's health or safety.

Finally, to the extent that Plaintiff Dennis sues any of the Defendants for their supervisory role over conduct at issue in the complaint, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575

(6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Furthermore, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Therefore, Defendants are not liable to Plaintiff Dennis merely because of their supervisory role over conduct at issue in the complaint.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff Dennis's claims will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: July 29, 2011                          /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE